**WOODALL LAW OFFICES**
101 PINE ST., SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 439-4803
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM
KEVIN F. WOODALL, BAR NO. 180650

**DOUGLAS LAW OFFICES**
101 PINE ST., SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 794-4751
FACSIMILE: (415) 795-3432
JDOUGLAS@DOUGLASLEGAL.COM

JOHN H. DOUGLAS, BAR NO. 178966

ATTORNEYS FOR ALL PLAINTIFFS AND THE PUTATIVE CLASS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILLIP CAMPBELL; PETAR IVANOV; DMITRY KHOZHEMYAKIN; ALEXY ZUYAGINTSEV, AS INDIVIDUALS AND ON BEHALF OF THOSE SIMILARLY-SITUATED, <br><br> PLAINTIFFS, <br><br> v. <br><br> CALIFORNIA DELTA MECHANICAL, INC., A CORPORATION; DELTA MECHANICAL, INC., A CORPORATION; TODOR KITCHUKOV, AN INDIVIDUAL; AND DOES 1 THROUGH 8, INCLUSIVE, <br><br> DEFENDANTS. | CASE NO. <br><br> **COMPLAINT FOR DAMAGES AND RULE 23 CLASS ACTION** <br><br> 1. **FAILURE TO PAY OVERTIME WAGES UNDER LABOR CODE §§ 510 AND 1194, AND 29 U.S.C. § 207 ET SEQ.;** <br> 2. **FAILURE TO PAY MINIMUM WAGES UNDER LABOR CODE § 1197, AND 29 U.S.C. § 206 ET SEQ.;** <br> 3. **FAILURE TO PAY PREMIUM PAY FOR MISSED MEAL AND REST PERIODS UNDER LABOR CODE §§ 226.7 AND 512;** <br> 4. **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS UNDER LABOR CODE § 226;** <br> 5. **FAILURE TO PAY WAGES TIMELY UPON TERMINATION (LABOR CODE § 203);** <br> 6. **VIOLATION OF LABOR CODE § 2802;** <br> 7. **FAILURE TO PAY WAGES UNDER LABOR CODE § 200 ET SEQ. AND 29 U.S.C. § 201 ET SEQ.** <br> 8. **FAILURE TO MAINTAIN RECORDS UNDER LABOR CODE § 1174** <br> 9. **RULE 23 CLASS ACTION FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT** <br> 10. **UNFAIR COMPETITION IN VIOLATION OF BUSINESS & PROFESSIONS CODE SETION 17200** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Phillip Campbell, Petar Ivanov, Dmitry Khozhemyakin and Alexy Zuyagintsev allege as follows:

**PARTIES**

1.      Plaintiff, Phillip Campbell ("Campbell"), is an individual who resides in Healdsburg, California.  From in or about July, 2013 until in or about April, 2014, Campbell was employed by and performed work for Defendants, California Delta Mechanical, Inc., Delta Mechanical, Inc. and Todor Kitchukov (collectively the "Defendants") and regularly worked for the Defendants in and around the communities of the San Francisco Bay Area and within the Northern District of California.

2.      Plaintiff, Petar Ivanov ("Ivanov"), is an individual who resides in Huntington Beach, California.  From in or about 2005 until May, 2013, Ivanov was employed by and performed work for the Defendants in and around Orange County, California.

3.      Plaintiff, Dmitry Khozhemyakin, ("Khozhemyakin"), is an individual who resides in Riverside, California.  From in or about January, 2010 until April, 2013, Khozhemyakin was employed by and performed work for the Defendants in and around Riverside, California and the "Inland Empire" environs.

4.      Plaintiff, Alexy Zuyagintsev ("Zuyagintsev"), is an individual who resides in Irvine, California.  From in or about April, 2010 to September, 2013, Zuyagintsev was employed by and performed work for the Defendants in and around Orange County, California.

5.      On information and belief, Defendant, California Delta Mechanical, Inc., is a California corporation.  California Delta Mechanical was the "employer" of Plaintiffs as defined in and subject to the California Labor Code, Industrial Welfare Commission Wage Orders, and the Fair Labor Standards Act.

6.      On information and belief, Defendant, Delta Mechanical, Inc., is an Arizona Corporation.  Delta Mechanical was also the "employer" of Plaintiffs as defined in and subject to the California Labor Code, Industrial Welfare Commission Wage

1    Orders, and the Fair Labor Standards Act.

2         7.      On information and belief, Defendant, Todor Kitchukov ("Kitchukov"), is

3    and was the President and Chief Executive Officer of both California Delta Mechanical,

4    Inc. and Delta Mechanical, Inc. Plaintiffs are informed and believe that Kitchukov is the

5    sole shareholder or owner of Defendants California Delta Mechanical, Inc. and Delta

6    Mechanical, Inc. and was the "employer" of Plaintiffs as defined in and subject to the

7    California Labor Code, the Industrial Welfare Commission Wage Orders and/or Fair

8    Labor Standards Act, and/or a person acting on behalf of the employer who violated or

9    caused to be violated the Labor Code, the Industrial Welfare Commission Wage Orders

10   and the Fair Labor Standards Act regulating hours and days of work and compensation.

11        8.      Defendants California Delta Mechanical, Inc., Delta Mechanical, Inc. and

12   Kitchukov are subject to the court's personal jurisdiction because their activities within

13   California are substantial, continuous and systematic.  For many years, they have

14   engaged in a substantial amount of business within California, including making sales,

15   selling goods and services, applying for and holding a contractor's license, employing

16   individuals, contracting with individuals and/or designating a California agent for service

17   of process.  Defendants California Delta Mechanical, Inc., Delta Mechanical, Inc. and

18   Kitchukov also purposefully directed their activities toward residents of California, and

19   Plaintiffs' claims arise out of and result from the Defendants' contacts in California

20   including, but not limited to, setting Plaintiffs' working conditions, failing to pay

21   Plaintiffs minimum and overtime wages in compliance with law, failing to keep and

22   provide Plaintiffs with necessary time and pay records, failing to reimburse Plaintiffs for

23   their expenditures, and/or conducting background checks other than as authorized under

24   federal and/or state law.

25        9.      Plaintiffs are ignorant of the true names and capacities of the Doe

26   Defendants sued herein as DOES 1 through 8, inclusive; therefore Plaintiffs sue said Doe

27   Defendants by fictitious names.  When and if the identity of any Doe Defendant is

28   ascertained, Plaintiffs will promptly seek leave to amend the complaint to allege the true

name(s) and capacity(ies) of the Doe Defendants. Plaintiffs are informed and believe that each of these fictitiously named Doe Defendants is responsible in some manner for the acts alleged herein and that Plaintiffs' damages and injuries as described herein were proximately caused by such Doe Defendants. Defendants California Delta Mechanical, Inc., Delta Mechanical, Inc. Kitchukov, and the Doe Defendants are hereinafter referred to collectively as "Defendants."

10. Plaintiffs are informed and believe and thereon allege that each Defendant, directly or indirectly, or through agents or other persons, jointly employed Plaintiffs, and exercised control over their wages, hours, and working conditions. Plaintiffs are informed and believe and thereon allege that, at all relevant times, each Defendant was the principal, agent, alter ego, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest, and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

## VENUE

11. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(c)(2), as Defendants California Delta Mechanical, Inc., Delta Mechanical, Inc., and Kitchukov are subject to the court's personal jurisdiction and have minimal contacts with this District. On information and belief, California Delta Mechanical, Inc., Delta Mechanical, Inc. and Kitchukov conduct business by selling goods and services and employing individuals to provide those goods and services within the Northern District of California. In addition, venue is proper under 28 U.S.C. § 1391(b)(2) because a

4

substantial part of the events or omissions underlying the claims in this case occurred in the Northern District of California including, but not limited to, some of the Plaintiffs were employed to work, performed work and were not paid wages or reimbursed expenses in the Northern District of California and Plaintiffs and putative class members signed disclosure and authorization forms in the Northern District of California.

## JURISDICTION

12.     The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiffs assert claims under the federal Fair Labor Standards and Fair Credit Reporting Acts.  The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the relationship between the federal and state claims is such that they form part of the same case or controversy under Article III of the United States Constitution.

## INTRADISTRICT ASSIGNMENT

13.     Pursuant to Local Rule 3-2(d), assignment to the San Francisco Division is appropriate because this action arose and a substantial part of the events and omissions giving rise to the claims occurred in the counties of San Francisco, San Mateo, Alameda, Contra Costa and other counties set forth under that rule.

## FCRA CLASS ACTION ALLEGATIONS

14.     Plaintiffs bring this case as a FCRA class action pursuant to Federal Rules of Civil Procedure, Rule 23(a) & (b)(3).  The FCRA Class is defined as: "All individuals who executed authorization forms that purported to allow the Defendants to obtain a consumer report as part of an application to work for the DEFENDANTS at any time from November 26, 2009 until present (the "FCRA Class Period").

15.     Plaintiffs reserve the right under the Federal Rules of Civil Procedure and other applicable authority to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

16.     Plaintiff's FCRA claim is brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

a. **Numerosity**. The FCRA Class members are so numerous that individual joinder of all of them as plaintiffs is impractical. While the exact number of FCRA Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that there are many dozens if not hundreds of members in the FCRA Class.

b. **Commonality**. There are questions of law or fact common to FCRA Class members. These common questions include, but are not limited to, the following:

1. Whether the FCRA authorization forms used by the Defendants and executed by PLAINTIFFS and the FCRA Class were facially invalid by virtue of their inclusion of language constituting a release of claims such that the authorization forms did not constitute a "document that consists solely of the disclosure," as required by 15 U.S.C. § 1681b(2)(A) of the FCRA;

2. Whether the Defendants violated 15 U.S.C. § 1681b(2)(A) of the FCRA by including language constituting a release of claims as part of their FCRA authorization forms;

3. Whether the Defendants willfully violated the FCRA thereby triggering statutory damages to Plaintiffs and the members of the FCRA Class as set forth in 15 U.S.C. § 1681n(a) of the FCRA;

4. Whether Plaintiffs and members of the FCRA Class are entitled to statutory damages under the FCRA and if so, the amount of the statutory damages owed to them; and

5. Whether Plaintiffs and other FCRA class members are entitled to recover punitive damages under 15 U.S.C. § 1681n(a)(2) of the FCRA, and if so, the amount of the punitive damages owed to them.

c. **Typicality.** Plaintiffs Campbell, Ivanov, Khozhemyakin and Zuyagintsev are members of the FCRA Class, and their claims are typical of the claims of the other FCRA Class members who Plaintiffs seek to represent. Plaintiffs suffered

the same kinds of injuries suffered by other FCRA Class members and seek the same kind of relief sought by other FCRA Class members.

d. **Adequate Representation.**  Plaintiffs will adequately and fairly protect the interests of the members of the FCRA Class.  Plaintiffs have no interests adverse to the interests of the absent FCRA Class members.  Plaintiffs are represented by legal counsel with substantial class action experience in civil litigation and employment law.

17.     This claim is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual members are likely to be relatively small ($100 to $1,000), and the burden and expense of individual litigation would make it difficult or impossible for individual FCRA Class members to seek and obtain relief.  A class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## GENERAL ALLEGATIONS

18.     Plaintiffs were employed by the Defendants to install water heaters, water treatment systems, sinks, toilets, vanities, faucets, showers, and new piping, among other things.  During their employment with the Defendants, Defendant Kitchukov was a "person" who acted in Defendants California Delta Mechanical and Delta Mechanical, Inc.'s interest in dealing with Plaintiffs and other employees, under the Fair Labor Standards Act ("FLSA").  29 U.S.C. § 203(a).  Kitchukov exercised control over the nature and structure of the employment relationship between California Delta

Mechanical, Inc. and Delta Mechanical, Inc., on the one hand, and Plaintiffs, on the other hand, including control over the day-to-day operations, setting and paying wages and reimbursements, and supervision of Plaintiffs and other employees, among other things. As a result, Kitchukov was also Plaintiffs' "employer" and was responsible for Plaintiffs' unpaid wages and other wage and hour claims under the FLSA. 29 U.S.C. § 203(d) et seq.

19.     During at least a portion of their employment by Defendants, Plaintiffs Ivanov, Khozhemyakin and Zuyagintsev were willfully misclassified as independent contractors in violation of California Labor Code section 226.8. In fact, Defendants engaged in a subterfuge to avoid employment status for these Plaintiffs. In reality, these Plaintiffs were at all times, like Plaintiff Campbell, non-exempt "employees" under federal and California law, as were other installers or non-exempt employees who performed work for Defendants in California.

20.     Plaintiffs and other installers in California were "employees" of Defendants under federal and California law for the following reasons: (a) their employment could be terminated "at-will," with or without cause, which happened to most Plaintiffs; (b) the installation services provided by the Plaintiffs were an essential part of the business of Defendants, not a distinct occupation or business; (c) the Plaintiffs lacked any specialized skills or installation skills prior to working for Defendants, such that they were trained by Defendants for an average of two to three weeks prior to performing installations; (d) Defendants directed and controlled Plaintiffs' work including, but not limited to, providing them with a schedule each morning regarding what services would be rendered and where they would be rendered, changing Plaintiffs' schedules throughout the day, not permitting Plaintiffs to opt out of taking jobs or assignments, docking Plaintiffs' pay or administering other discipline if they reported to a customer late or missed productivity standards, monitoring Plaintiffs' progress regarding installation assignments, requiring that Plaintiffs complete and submit Defendants' completion reports and paperwork after each installation assignment, providing Plaintiffs with memoranda and instructions,

requiring Plaintiffs to correct work, and approving vacation and other time off requested by Plaintiffs; (e) Plaintiffs did not hire others, and Defendants required approval of any delegation or assignment of work; (f) Plaintiffs were required to wear Defendant Delta Mechanical uniforms, use its business cards, drive its trucks or vans with Delta Mechanical's logo on it, and were prohibited from disclosing that Defendant Delta Mechanical deemed Plaintiffs independent contractors; (g) some Plaintiffs were reimbursed, in part, for gas, internet, cell phones, and travel by Defendants, and Plaintiffs were provided with Defendant Delta Mechanical and/or California Delta Mechanical, Inc. trucks or vans at no charge or for rent well below market value; (h) Plaintiffs were only required to provide a minimal amount of tools or equipment to perform their work; (i) Plaintiffs' employment was indefinite and for no set periods of time and in fact, Plaintiffs worked for Defendants for many years; (j) even though some Plaintiffs signed an agreement given to them by Defendants Delta Mechanical and/or  California Delta Mechanical, Inc., which states they are independent contractors, Plaintiffs believed they were employees; (k) there was no opportunity for profit or loss depending upon Plaintiffs' managerial skills; (l) Defendants Delta Mechanical, Inc.and California Delta Mechanical, Inc. were required to hold a contractor's license for the work performed by Plaintiffs, and Plaintiffs performed work under Delta Mechanical, Inc.'s and  California Delta Mechanical, Inc.'s contractor's licenses; (m) while employed by Defendants, Plaintiffs worked on average 6 or 7 days per week and did not work for others; (n) although Plaintiffs were paid a certain amount for each installation, they were paid on a regular basis by Defendants; and (o) Defendants did not employ anyone other than Plaintiffs and other installers classified at least at times as "independent contractors" to service their customers in Northern California.

21.     Prior to the May, 2013, filing of a related legal action challenging Defendants' policy and practice of willfully misclassifying its employed installers in California as "independent contractors" virtually all such installers were so misclassified. Following the filing of that action, however, and despite the fact that none of the

functions or duties performed by the installers had changed, Defendants claimed to have begun to treat and pay all such installers in California as their "employees."

22.     During their employment with Defendants, Plaintiffs, including those misclassified during some or all of the applicable limitations periods as independent contractors, were not paid minimum or agreed upon wages for all hours worked, and they were not paid overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek or for the first eight hours of work performed on the seventh consecutive day in a workweek, and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday or for all work in excess of eight hours on the seventh consecutive day in a workweek.

23.     During their employment with Defendants, Plaintiffs, including those misclassified during some or all of the applicable limitations periods as independent contractors, were not compensated for all business expenses pursuant to California Labor Code section 2802 and other applicable laws.

24.     During their employment with Defendants, Plaintiffs Ivanov, Khozhemyakin and Zuyagintsev were required to pay the employer's portion of social security, medicare and other payroll taxes.

25.     During their employment with Defendants, Plaintiffs, including those misclassified during some or all of the applicable limitations periods as independent contractors, Defendants maintained no policy allowing, and as a practice did not provide Plaintiffs, with a 30-minute uninterrupted meal periods after every five (5) hours of work, nor were Plaintiffs and other non-exempt employees in California provided all 10-minute rest periods during every four (4) hours of work or major fraction thereof, as required under California law.

26.     Defendants failed to provide Plaintiffs and other non-exempt employees in California with accurate itemized wage statements when they were paid, including correct statements of gross and net wages earned, the number of hours worked at the

applicable rates of pay, partial social security numbers, the legal name and address of the employer and other information required by Labor Code section 226.

27.     Plaintiffs were not paid and still have not been paid all wages due when their employment was terminated.

28.     The Defendants required Plaintiffs and other and current and former similarly-situated employees to sign FCRA background check authorization forms when they were applying for a position or recently hired, which purported to provide authorization for the Defendants to obtain consumer reports for a background check and to share the results of those background checks with their home improvement retailer customers such as Home Depot.  In these FCRA background checking authorization forms, the Defendants used language that illegally required Plaintiffs and other current and former employees of the Defendants to release the Defendants and any entities participating in this illegal and non-compliant background checking process from liability.

29.     During the employment application process, the Defendants asked Plaintiffs and other current and former similarly-situated employees to authorize them to obtain an investigative consumer report within the meaning of California law relating to their character, general reputation and personal characteristics to determine if they were suitable for employment.  As part of the request, the Defendants did not allow Plaintiffs or other similarly situated employees to elect by way of a box they could check to indicate that they wanted to receive a copy of any report prepared, and the forms used did not set forth the address or telephone number of the entity that would provide the report as required by law.

**CAUSES OF ACTION**

11

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194;**
**29 U.S.C. §207 et seq.)**

(Brought by Plaintiffs Against all Defendants)

30.     Plaintiffs incorporate all of the foregoing paragraphs as though fully set forth herein.

31.     At all relevant times, Plaintiffs were employees of Defendant California Delta Mechanical, Inc. and Delta Mechanical, Inc. covered by California Labor Code Section 510 and California Wage Orders of the Industrial Welfare Commission. Plaintiffs were employees of all Defendants under the Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

32.     Pursuant to California Labor Code Section 510 and California Wage Orders, Plaintiffs were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek or for the first eight hours of work performed on the seventh consecutive day in a workweek, and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday or for all work in excess of eight hours on the seventh consecutive day in a workweek. Likewise, under 29 U.S.C. § 207 et seq., Plaintiffs were entitled to overtime wages for hours worked in excess of 40 per workweek.

33.     Defendants California Delta Mechanical, Inc. and Delta Mechanical, Inc. willfully failed to pay Plaintiffs all amounts of overtime wages owed in accordance with California Labor Code Section 510 and California Wage Orders.

34.     All Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Plaintiffs overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207 for work performed in excess forty (40) hours per workweek to which Plaintiffs are entitled.

35.     As a result of Defendants' unlawful conduct, Plaintiffs have suffered damages in an amount not yet known, but subject to proof after discovery, to the extent

12

1   they have not been paid all overtime wages earned.

2       36.    Pursuant to California Labor Code Section 1194 and 29 U.S.C. §§ 207, 216

3   et seq., Plaintiffs are entitled to recover the full amount of their unpaid overtime wages,

4   interest thereon, reasonable attorney's fees, liquidated damages, and costs of suit.  As

5   Plaintiffs have not received all records and information from Defendants, the full amount

6   of their unpaid overtime wages is not currently known.  On information and belief,

7   Plaintiffs allege that their unpaid overtime wages are within the Court's jurisdiction.

8   Plaintiffs reserve the right to amend the Complaint after additional discovery is

9   conducted regarding the amount of unpaid overtime wages sought.

10                          **SECOND CAUSE OF ACTION**
    **Failure to Pay Minimum Wages (California Labor Code § 1197 et seq. and 29**
11                          **U.S.C. §206 et seq.)**

12                    (Brought by Plaintiffs Against all Defendants)

13      37.    Plaintiffs incorporate all of the foregoing paragraphs as though fully set

14  forth herein.

15      38.    California Labor Code § 1197 provides, "the minimum wage for employee

16  fixed by the commission is the minimum wage to be paid to employees, and the payment

17  of a less wage than minimum wage so fixed is unlawful."  Under the Fair Labor Standard

18  Act, 29 U.S.C. § 206 et seq., employees are to be paid the minimum wage set forth

19  therein.

20      39.    On information and belief, Defendants California Delta Mechanical, Inc.

21  and Delta Mechanical, Inc. willfully paid Plaintiffs less than minimum wages set forth in

22  the California Labor Code.  On further information and belief, all Defendants failed to

23  pay Plaintiffs all minimum wages set forth in  the Fair Labor Standard Act for all hours

24  worked.

25      40.    In committing the violations of state and federal law as herein alleged,

26  Defendants have knowingly and willfully refused to perform their obligations to

27  compensate Plaintiffs for all wages earned and all hours worked at least minimum wage.

28  As a direct result, Plaintiffs have suffered and will continue to suffer, substantial losses

related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

41.     In relevant part, California Labor Code § 1194 et seq. and 29 U.S.C. §§ 206, 216 et seq. provide that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest thereon, reasonable attorney's fees, and cost of suit, which Plaintiffs seek.

42.     Pursuant to Labor Code § 1194.2 and 29 U.S.C. § 216 et seq., liquidated damages are available to employees who file an action under Labor Code §1194 and 29 U.S.C. § 206 et seq., which Plaintiffs seek.

### THIRD CAUSE OF ACTION
#### Failure to Pay Premium Pay for Missed Meal and Rest Periods
#### (California Labor Code §§ 226.7, 512)

(Brought by Plaintiffs Against Defendants California Delta Mechanical, Inc., Delta Mechanical, Inc. and Doe Defendants)

43.     Plaintiffs incorporate all of the foregoing paragraphs as though fully set forth herein.

44.     At all relevant times, Plaintiffs were employees of Defendants California Delta Mechanical, Inc. and Delta Mechanical, Inc. covered by California Labor Code Sections 226.7 and 512, and the California Wage Orders of the Industrial Welfare Commission.

45.     Pursuant to California Labor Code Sections 226.7 and 512 and California Wage Orders, Plaintiffs were entitled to an additional hour of pay at their regular rate of pay for each work day that a meal period was not provided.  Likewise, under the same laws, Plaintiffs were entitled to an additional hour of pay at their regular rate of pay for each work day that a rest period was not provided.

46.     Defendants failed to pay Plaintiffs any premium pay for missed meal and

14

1    rest periods in accordance with California Labor Code Sections 226.7 and 512 and

2    California Wage Orders.

3        47.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered

4    damages in an amount, subject to proof, to the extent they were not paid all premium pay

5    for all missed meal and rest periods.  Plaintiffs are entitled to recover the full amount of

6    their unpaid premium pay, interest thereon, reasonable attorney's fees and costs of suit.

7    As Plaintiff have not received all records and information from Defendants, the full

8    amount of the premium pay for missed meal and rest periods is not currently known.  On

9    information and belief, Plaintiffs allege that the premium pay due to them is within the

10   Court's jurisdiction.  Plaintiffs reserve the right to amend the Complaint after additional

11   discovery is conducted regarding the amount of premium pay sought.

12                        **FOURTH CAUSE OF ACTION**
13   **Failure to Furnish Itemized Wage Statements (California Labor Code § 226)**

14   (Brought by Plaintiffs Against Defendants California Delta Mechanical, Inc., Delta

15                   Mechanical, Inc. and Doe Defendants)

16       48.    Plaintiffs incorporate all of the foregoing paragraphs as though fully set

17   forth herein.

18       49.    California Labor Code § 226(a) sets forth reporting requirements for

19   employers when they pay wages: Every employer shall at the time of each payment of

20   wages, furnish each of his or her employees an accurate itemized statement in writing

21   showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate

22   units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates

23   for the period paid, (7) partial social security number, (8) the name and address of the

24   legal entity that is the employer, and (9) all applicable hourly rates in effect during the

25   pay period and the corresponding number of hours worked at each hourly rate by the

26   employee.  Section (e) provides:  "An employee suffering injury as a result of a knowing

27   and intentional failure by an employer to comply with subdivision (a) is entitled to

28   recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in

                                           15

which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee, and is entitled to an award of costs and reasonable attorney's fees."

50.     Throughout the period applicable to this cause of action, Defendants California Delta Mechanical, Inc. and Delta Mechanical, Inc. knowingly and intentionally failed to furnish, and continue to knowingly and intentionally fail to furnish, to Plaintiffs upon each payment of wages, itemized statements accurately showing the information required by California Labor Code section 226.

51.     Plaintiffs suffered injury by these failures because, among other things, the failures led them to believe that they were being paid for all hours and jobs actually worked, these wage statement failures prevented and will prevent them from determining the true amounts of wages owed to them, and caused them, and will cause them, extra work and effort to determine their true wages and the identity of their employer.

52.     Plaintiffs are entitled to the amounts provided for in California Labor Code § 226(e), which amounts to $4,000 plus costs and attorneys' fees for each Plaintiff.

## FIFTH CAUSE OF ACTION
### Failure to Pay Wages Timely Upon Termination (Labor Code § 203)

(Brought by Plaintiffs Against Defendants California Delta Mechanical, Inc., Delta Mechanical, Inc. and Doe Defendants)

53.     Plaintiffs incorporate all of the foregoing paragraphs as though fully set forth herein.

54.     Pursuant to California Labor Code §§ 201 and 202, Plaintiffs were entitled, upon the end of their employment by Defendants California Delta Mechanical, Inc. and Delta Mechanical, Inc., to timely payment of their final wages (i.e., all wages earned and unpaid prior to termination). Indeed, discharged employees were entitled to payment of final wages immediately upon termination, while employees who resigned were entitled to all final wages within 72 hours of notice.

55.   Defendants California Delta Mechanical, Inc. and Delta Mechanical, Inc. failed to pay Plaintiffs, without abatement, all the wages due to them upon their separation from employment within the time periods provided in California Labor Code §§ 201 and 202 by failing to pay them the wages owed to them as a consequence of Defendants' underpayment of overtime and minimum wages and premium pay for missed meal and rest periods, among other things.

56.   Defendants' failure to pay Plaintiffs all wages earned prior to their separation from employment in accordance with California Labor Code §§ 201 and 202 was willful within the meaning of California Labor Code § 203.  Defendants had the ability to pay final wages in accordance with California Labor Code §§ 201 and 202 but maintained customs, policies, practices, procedures, protocols, routines or rules that were and are incompatible with the requirements of California Labor Code §§ 201 and 202.

57.   Pursuant to California Labor Code § 203, Plaintiffs are entitled to continuation of their wages from the day the earned and unpaid wages were due upon separation, up to a maximum of 30 days.

58.   As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.  The total amount of continuation wages owing to Plaintiffs is not entirely known to Plaintiffs, but can be determined from employment records maintained by Defendants.  On information and belief, Plaintiffs allege the 30 days' continuation of wages due to them as a penalty under California Labor Code §203 is within the Court's jurisdiction.

59.   Pursuant to Labor Code §§ 218 and 218.5, Plaintiffs are not only entitled to recover the full amount of their continuation wages under Labor Code § 203, but they are entitled to reasonable attorney's fees and costs of suit.  Plaintiffs also are entitled to recover interest on all due and unpaid wages and continuation wages under Labor Code § 218.6 and Civil Code § 3287(a).

### SIXTH CAUSE OF ACTION
### Violation of California Labor Code section 2802 et seq.

(Brought by Plaintiffs Against Defendants California Delta Mechanical, Inc. Delta Mechanical, Inc. and Doe Defendants)

60.     Plaintiffs incorporate all of the foregoing paragraphs as though fully set forth herein.

61.     Pursuant to California Labor Code Section 2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

62.     Plaintiffs and other non-exempt California employees made necessary expenditures and incurred losses as a direct consequence of the discharge of their duties and in obedience to the directions of Defendants including, but not limited to, employer's side of payroll taxes, equipment, gasoline and other vehicle expenses.

63.     On information and belief, Defendants California Delta Mechanical, Inc. and Delta Mechanical, Inc. were responsible for reimbursing Plaintiffs and other non-exempt California employees for their expenditures and losses as a direct consequence of the discharge of their duties, but failed to do so.

64.     On information and belief, as a result of Defendants' unlawful conduct, Plaintiffs have suffered damages in an amount within the limited jurisdiction of the Court. Plaintiffs are entitled to recover the full amount of the unpaid expenditures and losses, interest thereon, reasonable attorney's fees and costs of suit.

### SEVENTH CAUSE OF ACTION
### Failure to Pay Wages (Cal. Labor Code §§ 200 et seq. and 29 U.S.C § 201 et seq.)

(Brought by Plaintiffs Against all Defendants)

65.     Plaintiffs incorporate all of the foregoing paragraphs as though fully set forth herein.

66.     At all relevant times, on information and belief, Defendants were responsible for the payment of Plaintiffs' wages and benefits promised to them, but they

18

willfully failed to pay said wages and benefits owed to Plaintiffs in violation of California Labor Code Sections 200 et seq., California Wage Orders of the Industrial Welfare Commission, and/or the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

67.   On information and belief, as a result of Defendants' unlawful conduct, Plaintiffs have suffered damages within the jurisdiction of the Court.

68.   Pursuant to California Labor Code Section 200 et seq., the California Wage Orders of the Industrial Welfare Commission and the Fair Labor Standards Act, Plaintiffs are entitled to recover the full amount of their unpaid wages and benefits, unpaid overtime compensation, interest thereon, and reasonable attorney's fees and costs of suit. Plaintiffs are also entitled to liquidated damages equal to the amount of unpaid wages under the Fair Labor Standards Act because Defendants cannot meet their burden of showing they acted in good faith or had reasonable grounds for believing their conduct did not violate the Fair Labor Standards Act.

### EIGHTH CAUSE OF ACTION
### Failure to Maintain Records (Cal. Labor Code § 1174; IWC Wage Orders

(Brought by Plaintiffs Against Defendants California Delta Mechanical, Inc., Delta Mechanical, Inc. and Doe Defendants)

69.   Plaintiffs reallege and incorporate by this reference the foregoing paragraphs, as though fully set forth herein.

70.   California Labor Code § 1174(d) requires, in part, that employers, including Defendants California Delta Mechanical, Inc. and Delta Mechanical, Inc., maintain payroll records showing the hours worked daily by its employees and to whom wages were paid.

71.   Pursuant to California Labor Code § 1174.5, any person employing labor who willfully fails to maintain accurate and complete records required by California Labor Code § 1174(d) is subject to a penalty.

72.   Pursuant to the applicable California IWC Orders, every employer shall keep time records showing when the employee begins and ends each work period.  Meal

19

1    periods and total daily hours worked shall also be recorded.

2          73.    Additionally, pursuant to California IWC Orders, every employer shall

3    keep total hours worked in the payroll period and applicable rates of pay.

4          74.    During the time period of each Plaintiff's employment and the employment

5    of other non-exempt California employees of Defendants, on information and belief

6    Defendants willfully failed to maintain records pursuant to California Labor Code § 1174

7    and California IWC Orders by its actions of failing to maintain records showing meal

8    periods and the hours worked daily and not properly recording to whom the wages were

9    paid.

10          75.    On information and belief, meal periods and hours worked daily by

11    Plaintiffs and other non-exempt California employees were not accurately recorded on

12    Defendants' records, resulting in inaccurate record keeping of hours worked and meal

13    periods, among other things.

14          76.    On information and belief, Defendants' failure to provide and maintain

15    records required by California Labor Code § 1174 and California IWC Orders deprived

16    Plaintiffs and each of them, with the ability to know, understand and question the

17    calculation and rate of pay and hours used to calculate the wages paid by Defendants to

18    each of them.  Plaintiffs therefore had no way to dispute the resulting miscalculation of

19    wages all of which resulted in an unjustified economic enrichment to Defendants.  As a

20    direct result, Plaintiffs have suffered and continue to suffer substantial losses related to

21    the use and enjoyment of such wages, lost interest on such wages and expenses and

22    attorney's fees in seeking to compel Defendants to fully perform its obligation under state

23    law, all to their respective damage in amounts according to proof at trial.

24          77.    On information and belief, as a result of Defendants' knowing and willful

25    failure to comply with California Labor Code § 1174 and California IWC Orders,

26    Plaintiffs have suffered an injury in that they were prevented from knowing,

27    understanding and disputing the wage payments paid to them.

28                                **NINTH CAUSE OF ACTION**

COMPLAINT FOR DAMAGES AND RULE 23 CLASS ACTION

**Violation of Fair Credit Reporting Act**

(Brought by Plaintiffs Campbell, Khozhemyakin and Zuyagintsev, on their own behalf and on behalf of the FCRA Class against Defendants California Delta Mechanical, Inc., Delta Mechanical, Inc. and Doe Defendants)

78.    PLAINTIFFS re-allege and incorporate by this reference the foregoing paragraphs, as though fully set forth herein.

79.    Pursuant to the FCRA, consumer reports may be issued for "employment purposes," 15 U.S.C. §1681b(a)(3)(B), including the evaluation of "a consumer for employment, promotion, reassignment or retention of an employee." Id. at §1681a(h).

80.    The FCRA requires that, prior to procuring a consumer report, the party requesting such a report must: (1) provide a clear and conspicuous disclosure to each application in writing that a consumer report may be obtained for employment purposes; and (2) obtain the applicant's authorization in writing to obtain the report. 15 U.S.C. §1681b(b)(2)(A) Section 1681b(b)(2)(A) further specifies that the disclosure must be in writing "in a document that consists solely of the disclosure."

81.    Specifically, Section 1681b(b)(2)(A) provides, in relevant part: "…a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—(i) a clear and conspicuous disclosure has been made to the consumer at the time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii)  the consumer has authorized in writing… the procurement of the report to that person." 15 U.S.C. §1681b (b)(2)(A) (emphasis added).

82.    In the instant case, Defendants California Delta Mechanical, Inc. and/or Delta Mechanical, Inc. provided and required certain of the Plaintiffs (as set forth above) and FCRA Class members to sign an invalid background checking disclosure and authorization form.  The form used was and is invalid, among other things, because it contains a putative – but prohibited - waiver of claims against entities providing,

1   receiving, or transmitting information during the background checking process, thereby

2   facially contravening the FCRA's requirement that a "clear and conspicuous" disclosure

3   appear "in a document that consists solely of the disclosure." 15 U.S.C. §1681(b)(2)(A)(i)

4   (emphasis added).

5       83.    As a matter of law, the inclusion of language constituting a release of

6   claims invalidates the authorization form for purposes of the FCRA. See *Reardon v .*

7   *Closet Maid Corporation*, No. 2:08-CV-01730, 2013 U.S. Dist. LEXIS 169821 (W.D. Pa.

8   Dec. 2, 2013) (granting partial summary judgment to plaintiff on plaintiff's section

9   1681(b)(2)(a) claim, noting that "Closet maid's inclusion of a release provision in the

10  Authorization Form… facially violates section 1681b(b)(2)(A)(i)" because "the

11  Authorization form simply does not comply with the FCRA's express requirement that

12  the disclosure appear in a document that consists solely of a disclosure (or, at most, a

13  disclosure and authorization only.")"; *Singleton v. Domino's Pizza*, No. 11-1823, 2-12

14  W.V. 245965, *9 (D.Md. Jan. 25, 2012) (denying employer's motion to dismiss

15  plaintiff's section 1681b(b)(2)(a) claim, finding that "both the statutory text and FTC

16  advisory opinions indicate that an employer violates the FCRA by including a liability

17  release in a disclosure document"); see also, Letter from William Haynes, Attorney, Div.

18  of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEEO, Accufax Div.

19  (June 12, 1998), 1998 W.L. 34323756 (F.T.C.) (noting that the inclusion of a waiver in a

20  disclosure form will violate the FCRA); Letter from Cynthia Lamb, Investigator, Div. of

21  Credit Practices, Fed. Trade Comm'n to Richard Steer, Jones Hirsh Connors & Bull, P.C.

22  (Oct. 21, 1997), 1997 W.L. 33791227 (F.T.C.) (although disclosure form may include

23  authorization itself, nothing else should be included in the disclosure form).

24      84.    The FCRA permits a plaintiff to recover actual, statutory and/or punitive

25  damages, along with attorneys' fees, in cases of willful noncompliance. See 15 U.S.C.

26  §1681n(a)(1)-(3). A defendant acts willfully under the FCRA by either knowingly or

27  recklessly disregarding its statutory duty. *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57-60

28  (2007).

85. Here, because the FCRA itself and the FTC's applicable guidance are all clear and unambiguous that language constituting a release of claims cannot be included in FCRA authorization forms, the inclusion of a liability waiver in Defendant's authorization forms constitutes a willful violation of the FCRA's disclosure requirement, as a matter of law, triggering statutory damages. *Reardon v. Closet Maid Corporation*, No. 2:08-CV-01730, 2013 U.S. Dist. LEXIS 169821 (W.D.Pa. Dec. 2, 2013).

86. Pursuant to 15 U.S.C. §1681n(a)(1)(A) and *Reardon*, Plaintiffs and the FCRA Class members are each entitled to recover statutory damages of "not less than $100 and not more than $1,000."

87. Pursuant to 15 U.S.C. §1681n(a)(2), the Plaintiffs and FCRA Class members are also entitled to recover punitive damages as the court may allow.

88. Pursuant to 15 U.S.C. §1681n(a)(3), if the Plaintiffs and FCRA Class members prevail, they are also entitled to recover costs of suit with reasonable attorneys' fees, as determined by the court.

## TENTH CAUSE OF ACTION
### Unfair Competition (Cal. Business & Professions Code § 17200 et seq.)
(Brought by Plaintiffs Against all Defendants)

89. Plaintiffs incorporate the foregoing paragraphs above as though fully set forth herein.

90. Plaintiffs bring this action on behalf of themselves, pursuant to Business and Professions Code § 17200 et. seq. Defendants are "persons" under Business and Professions Code § 17021.

91. Defendants' conduct alleged above constitutes unlawful, fraudulent, deceptive, and unfair business acts and practices in violation of Business & Professions Code § 17200 et seq. Due to their unlawful, fraudulent, deceptive, and unfair business acts and practices in violation of the California Labor Code, the Fair Labor Standards Act and the Fair Credit Reporting Act, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with

23

their obligations to: properly classify employees (not to willfully misclassify employees as independent contractors); pay employees properly calculated overtime wages, minimum wages and premium pay for missed meal and rest periods; provide all pay to employees when their employment is terminated; reimburse employees for their job expenses and employer's payroll taxes; maintain appropriate employment records; refrain from retaliating against employees who complain of unpaid wages and unreimbursed expenses; and provide accurate itemized wage statements to employees.

92.    As a result of Defendants' unfair competition as alleged herein, Plaintiffs have suffered injury in fact and lost money or property.  Plaintiffs were deprived of their rights to: overtime wages, minimum wages and premium pay for missed meal and rest periods at the proper rates for all hours worked, all wages due at the termination of their employment, reimbursed expenses, and accurate itemized wage statements.  Plaintiffs also were denied compensation and benefits, as they were required to pay Defendants' portion payroll taxes (social security, medicare and other taxes), and were denied other benefits provided to Defendants' properly classified employees.

93.    Pursuant to Business and Professions Code § 17200 et seq., Plaintiffs are entitled to restitution and disgorgement for at least the following: overtime wages; minimum wages; unreimbursed expenses; the Defendants' portion of payroll taxes paid by Plaintiffs; other benefits or equivalent amounts provided to Defendants' properly classified employees; and premium pay owed to Plaintiffs but unlawfully not paid, withheld and/or retained by Defendants, in the amounts alleged in this Complaint.

94.    Plaintiffs also are entitled to injunctive relief to prevent future violations and declaratory relief that Defendants have engaged in unlawful, unfair and fraudulent conduct.

95.    Plaintiffs have incurred and are continuing to incur attorney's fees and costs associated with bringing this action, which they expect will provide a significant benefit to the public, including the injunctive and declaratory relief sought.  Upon the successful enforcement of such important rights, Plaintiffs will seek attorneys' fees and

24

costs pursuant to Code of Civil Procedure § 1021.5, the California Labor Code and other applicable laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants, jointly and severally and on behalf of the FRCR Class, as follows, in amounts according to proof (where amounts are sought):

A        An order certifying that Plaintiffs may pursue their FCRA claims against Defendants as a class action under Federal Rule of Civil Procedure 23;

B.        An order appointing Plaintiffs as Class representatives and appointing Plaintiffs' counsel as Class Counsel;

C.Judgment in favor of Plaintiffs and against Defendants;

D.        For special, general, compensatory and punitive damages including, but not limited to, unpaid overtime wages, minimum wages, unreimbursed expenses and emotional distress damages;

E.        For unpaid premium pay for all missed meal and rest periods;

F.        For the penalties and amounts provided in Labor Code § 203 and other provisions in the Labor Code;

G.        For the penalties, injunctive relief and amounts provided for in Labor Code § 226(e) of $4,000;

H.        For the civil penalties and other relief authorized under the FCRA for violation of that statute;

I.        For restitution, injunctive relief, declaratory relief and other relief authorized by Business and Professions Code §§ 17200 et seq., and injunctive relief provided under 29 U.S.C. § 215(a)(3) et seq.;

J.        For pre-judgment interest and costs of suit;

K.        For reasonable attorney's fees under the California Labor Code, the Fair Labor Standards Act, California Code of Civil Procedure § 1021.5 and other applicable provisions of law;

25

L.    For liquidated damages under California Labor Code § 1194.2, 29 U.S.C. § 216, and other provisions of the California Labor Code and the Fair Labor Standards Act; and for

M.    Such other relief as required by law, which the Court deems just and proper.

DATE:   NOVEMBER 25, 2014

WOODALL LAW OFFICES
DOUGLAS LAW OFFICES


BY:   /S/ KEVIN F. WOODALL
KEVIN F. WOODALL
ATTORNEYS FOR PLAINTIFFS
PHILLIP CAMPBELL; PETAR IVANOV;
DMITRY KHOZHEMYAKIN AND ALEXY
ZUYAGINTSEV AND THE PUTATIVE CLASS

## JURY TRIAL DEMANDED

A jury trial is hereby demanded by Plaintiffs.

DATE:   DECEMBER 17, 2014

WOODALL LAW OFFICES
DOUGLAS LAW OFFICES


BY:   /S/ JOHN H. DOUGLAS
JOHN H. DOUGLAS
ATTORNEYS FOR PLAINTIFFS
PHILLIP CAMPBELL; PETAR IVANOV;
DMITRY KHOZHEMYAKIN AND ALEXY
ZUYAGINTSEV

COMPLAINT FOR DAMAGES AND RULE 23 CLASS ACTION